UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EDWARD COOK,

                Petitioner,                        Case Number: 05-CV-72435

v.                                             HON. LAWRENCE P. ZATKOFF

LINDA METRISH,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner John Edward Cook filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  Petitioner is presently incarcerated at the Pugsley Correctional Facility in Kingsley,

Michigan, pursuant to convictions for possession with intent to deliver between 50 and 224 grams

of a controlled substance and felony firearm.  For the reasons set forth below, the Court shall deny

the petition.

**I.**

      Petitioner pleaded guilty in Wayne County Circuit Court to possession with intent to deliver

between 50 and 224 grams of a controlled substance.  He also pleaded no contest to a charge of

felony firearm.  On July 9, 2002, he was sentenced to five to twenty years imprisonment for the drug

conviction, to be served consecutively to a term of two years imprisonment for the felony-firearm

conviction.

      On July 9, 2003, Petitioner filed a motion to withdraw his no contest plea as to the felony-

firearm charge.  The trial court denied the motion.  People v. Cook, No. 01-10312 (Wayne County

Circuit Court October 3, 2003).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals,

presenting the following claim:

> It was clearly erroneous for Judge Ryan to deny defendant's motion to withdraw plea
> as to the felony firearm charge where the factual basis was insufficient to establish
> guilt of the offense to which the plea was offered.

The Michigan Court of Appeals denied leave to appeal. People v. Cook, No. 251752 (Mich.

Ct. App. Feb. 6, 2004).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting

the same claim presented to the Michigan Court of Appeals. The Michigan Supreme Court denied

leave to appeal. People v. Cook, No. 125876 (Mich. July 29, 2004).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following

claim:

> The plea of guilty was unlawfully induced. The factual basis of the plea was
> insufficient to establish guilt of the offense for which the plea was offered.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat.

1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24,

1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA,

including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing

applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to"

clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the governing
> law set forth in our cases. . . .

> A state-court decision will also be contrary to this Court's clearly established
> precedent if the state court confronts a set of facts that are materially
> indistinguishable from a decision of this Court and nevertheless arrives at a result
> different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States

---

[1]     28 U.S.C. § 2254(e)(1) provides, in pertinent part:

        In a proceeding instituted by an application for a writ of habeas
        corpus by a person in custody pursuant to the judgment of a State
        court, a determination of a factual issue made by a State court shall
        be presumed to be correct.

Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

Id. at 410-11.

### III.

Petitioner claims that he is entitled to habeas corpus relief because the trial court did not establish a sufficient factual basis to support his no contest plea on the felony-firearm charge.

"'[T]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea.'" U.S. v. McGlocklin, 8 F.3d 1037, 1047 (6th Cir. 1992) (quoting Roddy v. Black, 516 F.2d 1380, 1385 (6th Cir. 1975)).  Thus, a state trial judge's failure to conduct an on-the-record inquiry into the factual basis of a plea does not serve as a basis for federal habeas corpus relief. Id. Petitioner, therefore, is not entitled to habeas corpus relief because this claim is not cognizable on federal habeas corpus review.

To the extent that Petitioner also claims that his plea was involuntary, Petitioner is not entitled to habeas corpus relief.  In his petition, Petitioner states "[t]he plea of guilty was unlawfully induced."  Petition at p. 7.   He provides no other support for this claim.  While the Court affords

*pro se* litigants significant leeway, and their pleadings liberal construction, <u>Haines v. Kerner</u>, 404

U.S. 519, 520-21 (1972), the Court will not construct claims on behalf of *pro se* litigants.  Therefore,

because Petitioner provides no argument or facts in support of his claim that the plea was unlawfully

induced, Petitioner is not entitled to habeas corpus relief on this claim.

**IV.**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and the matter

is **DISMISSED WITH PREJUDICE**.


                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 13, 2006.


                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290